**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4543**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

       v.

SHAMELL DEVON TATE,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Catherine C. Eagles,
District Judge.  (1:11-cr-00358-CCE-1)

———————

Submitted:  March 17, 2016          Decided:  March 21, 2016

———————

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James E. Quander, Jr., Winston-Salem, North Carolina, for
Appellant.  Lisa Blue Boggs, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shamell Devon Tate pled guilty to possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g) (2012). He was sentenced to 37 months' imprisonment, followed by a 3-year term of supervised release. After his release, Tate engaged in new criminal conduct, leading to a petition for revocation of his supervised release. At the revocation hearing, Tate admitted the alleged violations. The district court sentenced him to 18 months' imprisonment with no subsequent supervised release. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but seeking review of the revocation hearing and the reasonableness of Tate's revocation sentence. Tate was informed of his right to file a pro se supplemental brief, but he has not done so. Finding no error, we affirm.

"We review a district court's ultimate decision to revoke a defendant's supervised release for abuse of discretion" and its "factual findings underlying a revocation for clear error." United States v. Padgett, 788 F.3d 370, 373 (4th Cir. 2015). Here, Tate admitted to the violations of his supervised release and noted no objection to any part of the hearing. We discern no error in the district court's decision to revoke Tate's supervised release. Moreover, we conclude that the district

2

court complied with the requirements of Fed. R. Crim. P. 32.1 in conducting Tate's revocation hearing.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). A revocation sentence that "is within the statutory maximum and is not plainly unreasonable" will be affirmed on appeal. Id. (internal quotation marks omitted). In evaluating a revocation sentence, we assess it for reasonableness, utilizing "the procedural and substantive considerations" employed in evaluating an original criminal sentence. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). A revocation sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors enumerated in 18 U.S.C. § 3583(e) (2012). Id. at 439.

The district court also must provide an explanation for its chosen sentence, but the explanation "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440. Only if

3

we find a sentence procedurally or substantively unreasonable will we determine whether the sentence is "plainly" so.  Id. at 439.

Here, the district court considered the parties' arguments, Tate's allocution, and the relevant statutory factors before sentencing Tate within the policy statement range.  The district court provided an explanation tailored to Tate, focusing on the seriousness of his violations and his history of violating conditions of supervised release.  We therefore conclude that Tate's sentence is neither procedurally nor substantively unreasonable. We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal.  Accordingly, we affirm the judgment of the district court.

This court requires that counsel inform Tate, in writing, of the right to petition the Supreme Court of the United States for further review.  If Tate requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Tate.  We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before this court and argument would not aid the decisional process.

AFFIRMED